## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| WHIRLPOOL CORPORATION,<br><br>Plaintiff,<br>v.<br>HAMILTON BEACH BRANDS, INC.,<br><br>Defendant. | Case No. _____ |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, Whirlpool Corporation ("Whirlpool"), maker of iconic KitchenAid® stand mixers, files this Complaint against Hamilton Beach Brands, Inc. ("Hamilton Beach"), which is falsely advertising a cheap, knock-off stand mixer as having the "same mixing action as KitchenAid" and providing "complete bowl coverage" in an attempt to steal customers and erode the goodwill associated with the KitchenAid brand.

## INTRODUCTION

1. Defendant Hamilton Beach falsely advertises its cheap stand mixers as having the "same mixing action as KitchenAid" and as providing "complete bowl coverage." Hamilton Beach makes these material, false claims prominently in its commercial interstate advertising to the detriment of Whirlpool. The iconic KitchenAid stand mixers are not only more powerful, but they are also far superior at mixing than every member of the Hamilton Beach line. Hamilton Beach's mixers are so vastly inferior to KitchenAid stand mixers that they cannot truthfully claim to have the "same mixing action as KitchenAid." Moreover, their mode or action provides only incomplete bowl coverage — not "complete bowl coverage" as claimed.

2.   Hamilton Beach could have chosen to describe the general pattern of movement of its mixing beaters solely by referring to it as "planetary," and not comparing itself to KitchenAid or by making a false claim about complete bowl coverage.  However, its gratuitous comparison and claim appear calculated to mislead and divert consumers from the KitchenAid brand and to draft off the considerable goodwill that Whirlpool has painstakingly nurtured with respect to KitchenAid over decades to imply that its cheaper stand mixers are comparable in quality when they are not.

3.   Consumer research demonstrates that consumers are misled by the Hamilton Beach claims into thinking that the less expensive Hamilton Beach model actually mixes the "same" as the high-end KitchenAid models it compares itself to.

4.   The KitchenAid stand mixer has a single beater affixed to a motor head that causes the beater to spin as it rotates in orbit around the mixing bowl.  This general pattern of movement is called "planetary" mixing, as it loosely resembles the orbital pattern of planets.  KitchenAid does not claim to own the term "planetary," which is used by other companies selling competing stand mixers without Whirlpool's objection.  However, Hamilton Beach chose not to limit its claims to this term, opting instead to claim the "same mixing action as KitchenAid" and "complete bowl coverage."

5.   Hamilton Beach's false and misleading claims not only injure Whirlpool by diverting consumers but also by deceiving consumers into wrongly thinking that the KitchenAid stand mixer is substantially overpriced.  If left unremedied, these claims will erode KitchenAid brand's valuable goodwill and leading market share in a manner that is hard to rebuild.

6.   Whirlpool previously brought the false "same mixing action as KitchenAid" claim to Hamilton Beach's attention when Hamilton Beach ran the claim in Canada in 2013.  In response to Whirlpool's demand under Canadian trademark law, Hamilton Beach agreed to discontinue the

claim in that country.  However, in reliance on the putative good faith of Hamilton Beach, which orally pledged to discontinue the claim, Whirlpool did not pursue more formal action at that time.

7.   Before filing this suit, Whirlpool contacted Hamilton Beach to express its serious concerns with these false and misleading claims.  However, counsel for Hamilton Beach merely responded that they will be "investigating the issues raised" and would respond in some unstated period of time, and made no timely commitment even to engage in discussions.

8.   Hamilton Beach's unlawful United States false advertising campaign has already caused, and if left unabated, will continue to cause, irreparable damage to Whirlpool's business by misleading and creating confusion among consumers and harming its goodwill. Under the Lanham Act and Virginia law, Whirlpool is entitled to remedies including but not necessarily limited to permanent injunctive relief stopping Hamilton Beach's deceptive and misleading advertising; immediate retrieval by Hamilton Beach of all copies of its deceptive and misleading advertising; payment by Hamilton Beach of Whirlpool's costs of corrective advertising; an order requiring Hamilton Beach to disseminate corrective advertising to correct the false and misleading impressions created among consumers by the false claims; disgorgement of Hamilton Beach's wrongful profits; and/or attorney's fees.

## JURISDICTION AND VENUE

9.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because, on information and belief, Hamilton Beach is incorporated in this district, does a substantial amount of business in this district, has sold significant quantities of its products in this district, and has engaged

and is engaging in statutory violations and activities that are causing substantial injury to Whirlpool in this district, including false advertising as set out in this complaint.

## THE PARTIES

11. Plaintiff Whirlpool Corporation is a company organized and existing under the laws of the State of Delaware, with its principal place of business located at 2000 N. M-63, Benton Harbor, MI 49022-2692.

12.  Upon information and belief, Hamilton Beach Brands, Inc. is a company organized and existing under the laws the State of Virginia, with its principal place of business located at 4421 Waterfront Dr., Glen Allen, Virginia, 23060.

## FACTS

### I.   KitchenAid and Hamilton Beach Stand Mixers

13. A stand mixer is an electric mixer built into a stationary stand with a bowl. Both KitchenAid and Hamilton Beach brands feature multiple speeds, claim to handle dense ingredients, and offer hands-free operation. The home-kitchen stand mixer market ranges from cheaper, lower quality mixers to professional-grade mixers that retail for thousands of dollars.

14. Many all-purpose stand mixers use "planetary" mixing. Named for the way the hub causes the beater to move around the bowl like a planet orbits the sun while rotating on its axis, planetary mixers offer versatility to home kitchens. The effectiveness of different mixers that use planetary mixing action can vary greatly, which can be objectively measured by the number of touch points (i.e., the number of points that the beater edge comes closest to the bowl wall during operation), the distance from the beater to the edge of the bowl, and the time and thoroughness of propagation of dye into items being mixed.

15. Whirlpool's iconic KitchenAid stand mixers have been a market leader since their introduction over a century ago. KitchenAid mixers use highly effective planetary mixing and are

known to be among the highest quality for home chefs on the market. Through reliability, performance, promotion and customer recognition, Whirlpool has established valuable good will in its iconic KitchenAid mixers.  KitchenAid mixers are premium quality and retail for around $300-800.

16. Hamilton Beach on the other hand markets and sells, among other home appliances, budget-friendly stand mixers. Certain Hamilton Beach mixers use planetary mixing action, but as described in more detail below, its mixers have significantly less effective mixing action compared to KitchenAid. Hamilton Beach's stand mixers retail for around $50-$120.

## II.     Hamilton Beach's False and Misleading Campaign

### A.   Hamilton Beach's False and Misleading "Same Mixing Action as KitchenAid Stand Mixers" Claim

17. In or around late June 2023, Whirlpool became aware that Hamilton Beach was selling certain stand mixers through various retail channels in the United States and falsely claiming that those mixers possess the "same mixing action as KitchenAid Stand Mixers" (the "Same Mixing Action as KitchenAid Claim") and provides "Complete Bowl Coverage" (the "Complete Bowl Coverage Claim").  An example of these claims, as they appear on the Hamilton Beach package, is reproduced below.



18. Hamilton Beach targets consumers by prominently displaying its false and misleading Same Mixing Action as KitchenAid Claim and Complete Bowl Coverage Claim at the point of purchase and directly on its product packaging. Consumers who shop at retail stores for stand mixers are likely to be influenced by the prominent display of these claims.  In addition, these claims are prominently displayed on online retail websites, such as Amazon.com, often as standalone images in association with the product page, some of which include images of the packaging bearing the claim.

19. A consumer that sees the package and/or imagery is likely to be deceived into believing that they can obtain the Hamilton Beach mixer having the "same mixing action" as a premium quality KitchenAid mixer, and that the Hamilton Beach mixer will provide "complete bowl coverage." The prominent reference to KitchenAid on the Hamilton Beach package is designed to co-opt KitchenAid brand equity rather than to fairly compare the products. No ordinary consumer is likely to or even able to conduct a side-by-side comparison of mixing action and bowl coverage prior to purchase, so they must rely on what the manufacturers claim. Other stand mixer brands on the

6

market accurately describe their use of planetary mixing action without reference to KitchenAid. Attached as Exhibit 1 are true and correct copies of photographs taken at Macy's, 685 N. Glebe Road, Arlington, VA 22203.   Attached as Exhibit 2 are true and correct copies of exemplary Hamilton Beach advertisements and product packaging bearing the Same Mixing Action as KitchenAid Claim and Complete Bowl Coverage Claim.

20. Hamilton Beach also includes the Same Mixing Action as KitchenAid Claim on stickers affixed to the models displayed at points of sale, often displayed alongside a KitchenAid stand mixer.



21. Hamilton Beach's inaccurate Same Mixing Action as KitchenAid Claim and Complete Bowl Coverage Claim appear in advertisements for, and on the packaging of, a number of its mixers, including at least the following Hamilton Beach model numbers:

a.      63325

       b.      63326

       c.      63327

       d.      63385

       e.      63386

       f.      63387

       g.      63388

       h.      63389

       i.      63390

       j.      63391

       k.      63392

       l.      63393

       m.      63394

       n.      63395

22. Whirlpool has tested the advertised mixing action and bowl coverage of the Hamilton Beach stand mixers identified above.  This testing shows that the mixing action of each of these Hamilton Beach units is not "the same" as that of KitchenAid stand mixers. The testing also shows that the Hamilton Beach units do not provide "complete bowl coverage."

23. The beaters on the Hamilton Beach units were, at best, .444 inches away from the bowl edge, over 100% further away from the bowl edge than KitchenAid stand mixer models. Additionally, Hamilton Beach's units have only 29 unique touch points (where the beater edge comes closest to the bowl wall), at least 68% less often than every KitchenAid model tested.

24. Moreover, independent consumer survey evidence shows that stand mixer consumers are misled by Hamilton Beach's claim into thinking that it mixes as well as KitchenAid models retailing for many times than its approximately $75 price tag.

25. This is not the first time Hamilton Beach has employed deceptive and false advertising claiming this Same Mixing Action as KitchenAid Claim to trade off the good will of Whirlpool's KitchenAid stand mixers. In 2013, Whirlpool discovered Hamilton Beach mixers being sold in Canada bearing this claim. Shortly thereafter, in response to a Whirlpool demand, Hamilton Beach agreed to remove the Same Mixing Action as KitchenAid Claim from its Canadian packaging on a going-forward basis. Despite this prior agreement, Hamilton Beach is now once again using this false claim to promote its products – this time to consumers in the United States, Mexico and Colombia (among others).

26. Hamilton Beach's motive for misleading consumers and singling out KitchenAid appears to be clear. As reported by Hamilton Beach in its 2022 annual report, "[p]roduct development requires significant financial, technological, and other resources. Product improvements and new product introductions also require significant research, planning, design, development, engineering, and testing at the technological and product process levels and HBB may not be able to timely develop and introduce product improvements or new products." ("Hamilton Beach Brands Holding Company 2022 Annual Report" at 6.) As Hamilton Beach is well aware, Whirlpool's KitchenAid brand is highly regarded among consumers for its design, innovation, superior performance, and reliability. Instead of investing the necessary know-how and resources to innovate and compete fairly with KitchenAid brand's superior mixers, Hamilton Beach has elected to engage in its false advertising campaign to mislead customers and market a far inferior and cheaper product, gratuitously taking advantage of the KitchenAid brand recognition and goodwill.

9

## FIRST CAUSE OF ACTION FOR FALSE ADVERTISING
### (Lanham Act Violation, Section 43(a), 15 U.S.C. § 1125(a))

27. Whirlpool repeats and realleges each and every allegation contained in Paragraphs 1 through 26 as if fully set forth herein.

28. Section 43(a) of the Lanham Act states as follows:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which— (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

29. Hamilton Beach sells its branded mixers in interstate commerce and is engaging in an advertising campaign in connection with the marketing of these products bearing the Same Mixing Action as KitchenAid Claim.

30. Hamilton Beach's packaging and advertisements bearing the Same Mixing Action as KitchenAid Claim are material and likely to deceive or confuse a substantial segment of the buying public.

31. Consumers are likely to rely on Hamilton Beach's packaging and advertisements bearing the Same Mixing Action as KitchenAid Claim in making purchasing decisions.

32. On information and belief and the false advertising activities set out above, this deceptive conduct by Hamilton Beach is willful and deliberate, and has injured and continues to injure Whirlpool and consumers.

33. Hamilton Beach knows or should know that the claims it is making are false and misleading.

34. Hamilton Beach's false and misleading representations and statements violate Section 43(a) of the Lanham Act by misrepresenting that Hamilton Beach's mixers possess the "same mixing action as KitchenAid" mixers.  The advertised claim is factually false.

35. Whirlpool has been and continues to be damaged by Hamilton Beach's false advertising, including through diversion of sales from Whirlpool to Hamilton Beach, loss of market share, and lessening of the goodwill that KitchenAid mixers have among the buying public.

36. Whirlpool has no adequate remedy at law to redress these injuries.

## SECOND CAUSE OF ACTION FOR FALSE ADVERTISING
### (Lanham Act Violation, Section 43(a), 15 U.S.C. § 1125(a))

37. Whirlpool repeats and realleges each and every allegation contained in Paragraphs 1 through 26 as if fully set forth herein.

38. Hamilton Beach sells its branded mixers in interstate commerce and is engaging in an advertising campaign in connection with the marketing of these products bearing the Complete Bowl Coverage Claim.

39. Hamilton Beach's packaging and advertisements bearing the Complete Bowl Coverage Claim are material and likely to deceive or confuse a substantial segment of the buying public.

40. Consumers are likely to rely on Hamilton Beach's packaging and advertisements bearing the Complete Bowl Coverage Claim in making purchasing decisions.

41. On information and belief and based on the false advertising activities set out above, this deceptive conduct by Hamilton Beach is willful and deliberate, and has injured and continues to injure Whirlpool and consumers.

42. Hamilton Beach knows or should know that the claims it is making are false and misleading.

43. Hamilton Beach's false and misleading representations and statements violate Section 43(a) of the Lanham Act by misrepresenting that Hamilton Beach's provide complete bowl coverage.  The advertised claim is factually false.

44. Whirlpool has been and continues to be damaged by Hamilton Beach's false advertising, including through diversion of sales from Whirlpool to Hamilton Beach, loss of market share, and lessening of the goodwill that KitchenAid mixers have among the buying public.

45. Whirlpool has no adequate remedy at law to redress these injuries.

**THIRD CAUSE OF ACTION FOR**
**FALSE ADVERTISING UNDER VIRGINIA LAW**
**(VA. CODE ANN. § 18.2-216(A))**

46. Whirlpool repeats and realleges each and every allegation contained in Paragraphs 1 through 26 as if fully set forth herein.

47. Virginia Code § 18.2-216(A) states as follows:

> Any person, firm, corporation or association who, with intent to sell or in anywise dispose of merchandise, securities, service or anything offered by such person, firm, corporation or association, directly or indirectly, to the public for sale or distribution or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates or places before the public, or causes, directly or indirectly to be made, published, disseminated, circulated or placed before the public, in a newspaper or other publications, or in the form of a book, notice, handbill, poster, blueprint, map, bill, tag, label, circular, pamphlet or letter or in any other way, an advertisement of any sort regarding merchandise, securities, service, land, lot or anything so offered to the public, which advertisement contains any promise, assertion, representation or statement of fact which is untrue, deceptive or misleading, or uses any other method, device or practice which is fraudulent, deceptive or misleading to induce the public to enter into any obligation, shall be guilty of a Class 1 misdemeanor.

48. Virginia Code § 59.1-68.3 and 59.1-68.5 provide a civil right of action for any person who suffers loss pursuant to a violation Virginia Code § 18.2-216, including in the absence of a successful criminal prosecution.

49. Hamilton Beach sells mixers to consumers in Virginia and is engaging in an advertising campaign in connection with the marketing and packaging of these products bearing the Same Mixing Action as KitchenAid Claim.

50. The Same Mixing Action as KitchenAid Claim is factually false.

51. Hamilton Beach's untrue, misleading, and deceptive representations and statements violate Virginia Code § 18.2-216(A) by misrepresenting that Hamilton Beach's mixers possess the "same mixing action as KitchenAid" mixers.

52. This deceptive conduct by Hamilton Beach is willful and deliberate and has injured and continues to injure Whirlpool.

53. Whirlpool has been and continues to be damaged by Hamilton Beach's false advertising, including through diversion of sales from Whirlpool to Hamilton Beach and the lessening of the goodwill that KitchenAid mixers have among the buying public.

54. Hamilton Beach is liable to Whirlpool under Virginia Code §§ 59.1-68.3 and 59.1-68.5 for the violation of Virginia Code § 18.2-216.

**FOURTH CAUSE OF ACTION FOR**
**FALSE ADVERTISING UNDER VIRGINIA LAW**
**(VA. CODE ANN. § 18.2-216(A))**

55. Whirlpool repeats and realleges each and every allegation contained in Paragraphs 1 through 26 as if fully set forth herein.

56. Hamilton Beach sells mixers to consumers in Virginia and is engaging in an advertising campaign in connection with the marketing and packaging of these products bearing the Complete Bowl Coverage Claim.

13

57. The Complete Bowl Coverage Claim is factually false.

58. Hamilton Beach's untrue, misleading, and deceptive representations and statements violate Virginia Code § 18.2-216(A) by misrepresenting that Hamilton Beach's mixers provide "complete bowl coverage".

59. This deceptive conduct by Hamilton Beach is willful and deliberate, and has injured and continues to injure Whirlpool.

60. Whirlpool has been and continues to be damaged by Hamilton Beach's false advertising, including through diversion of sales from Whirlpool to Hamilton Beach and the lessening of the goodwill that KitchenAid mixers have among the buying public.

61. Hamilton Beach is liable to Whirlpool under Virginia Code §§ 59.1-68.3 and 59.1-68.5 for the violation of Virginia Code § 18.2-216.

## PRAYER FOR RELIEF

WHEREFORE, Whirlpool respectfully requests that the Court enter judgment as follows:

A.    An Order adjudging that Hamilton Beach violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and Virginia Code § 18.2-216(A).

B.    An Order permanently enjoining Hamilton Beach from disseminating or causing the dissemination of any and all advertisements, packaging, or other promotional materials falsely claiming, whether expressly or by implication, that:

      a.    Hamilton Beach mixers use the "same mixing action as KitchenAid" mixers; and/or

      b.    Hamilton Beach mixers provide "complete bowl coverage"; and/or

      c.    Words substantially similar to, and generally conveying the same meaning as those set forth in paragraphs (a)-(b) above.

C.    An order requiring the immediate retrieval by Hamilton Beach of all copies of its deceptive and misleading advertising.

D.     An Order requiring payment by Hamilton Beach of Whirlpool's costs of corrective advertising and/or requiring Hamilton Beach to disseminate corrective advertising to correct the false and misleading impressions created among consumers by the false claims alleged above.

E.     An Order directing an accounting by Hamilton Beach of its gains, profits, savings, and advantages realized by reason of its false advertising, awarding Whirlpool damages to the fullest extent allowed by law, and trebling Whirlpool's recovery pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117.

F.     An Order granting Whirlpool its costs and disbursements in this action, including its reasonable attorneys' fees; and

G.     An Order granting Whirlpool such other and further relief as this Court may deem just and proper.

Dated:          November 22, 2023

Respectfully submitted,

By: */s/ Stephen Noona*
Stephen Noona, Esq. (VSB No. 25367)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA  23510
(757) 624-3239
senoona@kaufcan.com

Pro hac vice to be filed
Christopher A. Cole
Katten, Muchin, Rosenman LLP
1919 Pennsylvania Ave., N.W.
Washington, DC 20006
(202) 635-3550
chris.cole@katten.com

Kristin J. Achterhof
Katten, Muchin, Rosenman LLP
525 W Monroe St.
Chicago, IL 60661
(312) 902-5296

kristin.achterhof@katten.com

Matthew Hartzler
Katten, Muchin, Rosenman LLP
525 W Monroe St.
Chicago, IL 60661
(312) 902-5489
matthew.hartzler@katten.com
Catherine E. O'Brien
Katten, Muchin, Rosenman LLP
525 W Monroe St.
Chicago, IL 60661
(312) 302-5368
catherine.obrien@katten.com

*Attorneys for Plaintiff Whirlpool Corporation*